12233

MANUEL v. BRADLEY, RECEIVER

IN RE: LIGHTSEY v. CITIZENS' BANK OF FAIRFAX

(138 S. E., 815)

1. Appeal and Error—Master's Finding That Draft Was Accepted by Bank for Collection, Only Confirmed by Circuit

Court Judge Will be Accepted On Appeal.—Master's finding, confirmed by Circuit Court, that bank accepted draft for collection only, will be accepted by Supreme Court, notwithstanding counsel agreed that books of bank showed draft was handled as a deposit, and not as a collection item.

2. Banks and Banking—Depositor of Draft for Collection Only Held Not Entitled to Preferred Claim Against Bank Not Shown to Have Received Proceeds of Draft.—Where bank receiving draft for collection and its correspondent to which draft was forwarded for collection both failed before proceeds were remitted, *held* drawer-depositor of draft was not entitled to preferred claim against bank taking draft for collection; there being no showing that its assets were increased by proceeds of draft.

Before Mann, J., Allendale, April, 1926.   Reversed.

Receivership proceedings by J. F. Lightsey against the Citizens' Bank of, Fairfax, wherein W. W. Bradley was appointed receiver.   From judgment allowing preference to claim of A. W. Manuel, receiver appeals.

*Mr. C. Birnie Johnson,* for appellant, cites:   *To claim priority of payment claimant must prove that draft or proceeds thereof constitute some part of the assets of the bank which went into the hands of receiver:*   60 S. C., 122; 27 N. E., 907; 32 A. S. R., 119; 45 S. E., 382; 98 A. S. R., 118; 118 S. C., 442.

*Mr. Jas. M. Patterson,* for respondent, cites:   *Concurrent findings of fact by Master and Circuit Judge will not be reversed:*   83 S. C., 213; 87 S. C., 359; 92 S. C., 113. *Cases distinguished:*   60 S. C., 122; 118 S. C., 442; 27 N. E., 907; 45 S. E., 382.

July 8, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran.

This case was submitted upon printed case and arguments under rule 29 of this Court.

In the liquidation of the bank of Fairfax, the respondent filed a claim against the bank for $500, and claimed that he

was entitled to have it paid as a preferred claim, upon the ground that the draft had been received by the bank for collection.

At the May term of this Court the following order was passed *per curiam:*

"The transcript of record in this case does not contain the facts essential to a satisfactory disposition of this appeal. All that appears is that the plaintiff deposited a draft for $500 on John Flannery Company, Savannah, Ga., with the Citizens' Bank of Fairfax, S. C., on December 8, 1923, Saturday, after closing hours, and that the bank was closed by order of the State Bank Examiner at some time on Monday, December 10, 1923. It does not appear who was the drawer of the draft, or what the Fairfax bank did with the draft; or, if forwarded by it for collection to a correspondent bank in Savannah, what action the correspondent bank took in the matter; or, if collected by it, what disposition was made of the proceeds; or whether they ever reached the hands of the Fairfax bank or of the receiver; or whether the draft was received as a deposit or for collection.

"It appears that the master reported in favor of the preference claimed by the plaintiff, the basis of his decision not appearing, and that the Circuit Judge confirmed the report of the master.

"It is accordingly ordered that the transcript of record be enlarged by setting forth the evidence taken before the master; the report of the master; the exceptions to the master's report, and the decree of the Circuit Judge.

"A stipulation by counsel which will supply the suggested information desired may be substituted for the formal records above referred to.

"If this order be not complied with on or before June 1, 1927, the clerk is directed to dismiss the appeal."

In compliance with this order, the transcript has been enlarged by the submission of the records called for.

It thus appears that on Saturday, December 8, 1923, after closing hours, the claimant, Manuel, deposited with the bank of Fairfax a draft drawn by him upon

John Flannery Company, his cotton factors in Savannah; the master to whom the matter was referred held that the draft was deposited "for collection"; his finding of fact was confirmed by the Circuit Judge, and will be accepted by this Court, notwithstanding the fact that the master reported: "It was agreed between counsel that the books of the bank showed that this draft for $500 was handled by the bank as a deposit item and not as a collection item."

It only inferentially appears now that the draft was forwarded by the bank of Fairfax to an Augusta bank for collection; that the latter bank forwarded it to a Savannah bank, and received the proceeds; that, before the Augusta bank forwarded the proceeds of collection to the bank of Fairfax, it (the Augusta bank) closed its doors; and that neither the bank of Fairfax, nor its receiver, has received the same.

On Monday, December 10, 1923, after the draft had been deposited with the bank of Fairfax on Saturday the 8th, the bank of Fairfax was closed by the State Bank Examiner, who was afterwards appointed receiver of its assets. It was impossible for the Fairfax bank to have received the proceeds of the draft from the Augusta bank before the Fairfax bank was taken over by the bank examiner; and it does not appear that either the bank examiner as such, or as receiver, received the proceeds.

Under the case of *Bank v. Bradley,* 136 S. C., 511; 134 S. E., 510, even if the proceeds of the draft had been received by the Fairfax bank, the relation between Manuel and the bank would have been that of creditor and debtor, conferring no right of preference upon Manuel. (A different rule appears to have been established by the Act of 1927.)

In the case of *White v. Bank,* 60 S. C., 122; 38 S. E., 453, it was held under somewhat similar circumstances that, assuming that a trust relation was established between the depositor of a draft for collection and the bank which collected it, after the collecting bank had gone into the hands of a receiver, the depositor would not be entitled to priority un-

less he could show that his so-called trust fund in some form had gone into the assets of the bank then in the hands of the receiver. In the case at bar there is not the slightest evidence to sustain this essential fact. There is not only no evidence of it, but the strong inference is that the proceeds of the draft have never passed from the hands of the Augusta bank.

The theory upon which the priority is allowed in any case is that the assets of the insolvent bank have been swelled by the actual payment of the trust proceeds; a condition which cannot exist when the proceeds have not been traced into the hands of either the insolvent bank, the bank examiner or the receiver.

The judgment of this Court is that the order of the Circuit Judge be reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.